**PACIFIC JUSTICE INSTITUTE**
PO Box 89517, Tucson, AZ 85752
(520) 740-1447/Fax (520) 829-3620
lgoar@pji.org
LYNN ERIC GOAR, ESQ. (S.B.A. #012484)
Attorney for Plaintiff

*IN THE UNITED STATES DISTRICT COURT*

*DISTRICT OF ARIZONA*

| | |
|---|---|
| KIMBERLY BLAZER, | ) |
| Plaintiff, | ) **C O M P L A I N T** |
| | ) **(Jury Trial Demanded)** |
| v. | ) |
| OPTUM SERVICES, INC., | ) |
| Defendant. | ) |

Plaintiff complains and alleges as follows:

1. Defendant is an Arizona corporation that provides healthcare services throughout Maricopa County, Arizona. Defendant has more than 15 employees.

2. Plaintiff is a registered nurse who was an employee of Defendant from January 2019 to January 7, 2022, when she was terminated from that employment.

3. In September 2021, Defendant instituted a policy of mandatory Covid 19 vaccinations. Defendant considered requests for religious exemptions from the vaccine mandate. Plaintiff timely submitted such a request which was granted by Defendant, but later amended to require Plaintiff to not only continue to use a facemask but also to submit to weekly Covid 19 testing.

4. Plaintiff agreed to the continued use of facemasks but objected to the requirement of weekly Covid 19 testing regardless of whether she was experiencing symptoms as it was a condition that was added only after her religious exemption was granted and the policy was not uniformly enforced nor adversely impacted the essential functions of her job.

5. Defendant thereafter terminated Plaintiff's employment based on the claim that her refusal to submit to weekly Covid 19 testing regardless of whether she was experiencing symptoms would cause undue hardship.

6. Defendant denied Plaintiff's request for religious exemption by demanding the unreasonable and unnecessary requirement of weekly Covid 19 testing without regard to the existence of symptoms based on the claim that the lack of such testing created an undue cost, burden, or hardship.

7. From the beginning of the Covid 19 "pandemic" to the time that she was terminated, Plaintiff practiced all reasonable precautions including the use of gloves, masks, handwashing, hand sanitizer, and distancing.

8. Defendant could have reasonably accommodated Plaintiff's religious objections to taking the mandatory vaccine or taking weekly Covid 19 tests, but used the claim of undue hardship as a pretext to terminate her employment, violating her religious liberty.

### **COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**Termination and Retaliation based on Religion**

9. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

10. Under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a)(1)) it is unlawful to discharge any individual or otherwise discriminate against them with respect the his or her compensation, terms, conditions, or privileges of employment because of the individual's religion; or to limit, segregate, or classify an employee in any way which would deprive or tend to deprive them of employment opportunities or otherwise adversely affect his or her status as an employee because of his or her religion.

11. Plaintiff was an employee covered by the requirements of 42 U.S.C. §2000e, et seq.

12. Plaintiff has a deeply sincere religious objection to receiving the Covid 19 vaccination and Defendant denied her request for reasonable accommodation of her belief.

13. Plaintiff's sincerely held religious beliefs were the basis of Defendant's termination of her employment. Defendant's actions were an intentional violation of Plaintiff's religious rights protected under Title VII of the Civil Rights Act of 1964.

14. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees incurred herein.

15. Plaintiff is also entitled to punitive damages in such an amount that will punish Defendant for its unlawful and discriminatory actions, and to deter it and others from engaging in similar conduct in the future.

### COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### Failure to Provide Religious Accommodation

16. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

17. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee.

18. Plaintiff's sincerely held religious beliefs were not accommodated by Defendant. Defendant's actions were an intentional violation of Plaintiff's religious rights protected under Title VII of the Civil Rights Act of 1964.

19. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

## COUNT III – VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT

20. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

21. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for her sincerely held religious beliefs constituted employment discrimination contrary to Arizona Revised Statute §41-1463.

22. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for her sincerely held religious beliefs constituted employment retaliation contrary to Arizona Revised Statute §41-1464.

23. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

## COUNT IV – WRONGFUL TERMINATION

24. Plaintiff incorporates the allegations of the preceding paragraphs by this reference.

25. Defendant's refusal to grant Plaintiff's request for religious exemption or provide reasonable accommodations and ultimate termination for her sincerely held religious beliefs constituted employment discrimination contrary to Arizona Revised Statute §23-206.

26. As a direct and proximate result of the employment discrimination, retaliation, and violation of A.R.S. §23-206, Plaintiff has suffered emotional distress, lost employment opportunities, lost employee benefits, and has experienced and will continue to experience lost income, all to her general and special damages.

27. As a direct result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered general and special damages that include emotional distress; past and future lost wages and benefits; lost employment opportunities; as well as costs and attorney's fees.

1     WHEREFORE, Plaintiff demands Judgment against the Defendant as follows:

2  A.    For compensatory damages in such an amount as will reasonably and adequately compensate her for her injuries and damages, be they special or general, including pre-judgment interest on all liquidated damages, and post-judgment interest;

B.    For taxable court costs incurred herein;

C.    For attorney's fees; and

D.    For other relief as this Court deems just and proper under the circumstances.

Dated: February 25, 2023.

                                            **LAW OFFICE OF LYNN ERIC GOAR, P.C.**

                                            /s/ *Lynn Goar*

                                            LYNN ERIC GOAR